Matthias, J.
 

 Considering the questions presented by counsel for defendant in their logical order, we shall first observe the contention that the defendant was not liable in this action because the employment and direction by him of the workmen to open the drain in question were upon the request of the owner of the building, and, further, because of the fact that the defendant had no interest therein except the enjoyment of the use of the property affected by the drain. This question was presented to the court by a request for an instruction, which would have been virtually
 
 *480
 
 a directed verdict for the defendant, and it was refused by the court.
 

 The record discloses that the defendant, who was a partner in business with his sister-in-law, which business was located in the storeroom owned by her, entered upon and assumed full, complete, and exclusive charge and control of the undertaking of opening the drain which served the basement of the storeroom, and of making such drain usable for the purpose for which it had originally been constructed, and that the owner had nothing whatever to do with it except to pay the actual expense thereof later by permitting a deduction of the amount from the rental of the building. The facts disclosed by the record in this particular are not such as would exempt the defendant from the duty and obligation of avoiding the doing of physical injury to others. An agent is bound in the performance of his duty to recognize and respect the rights and privileges of others, and failing to do so, either negligently or intentionally, thereby causing an injury to another, is liable to him for the damages sustained, and the fact that the injury occurred while in the performance of his agency would constitute no defense, although in some cases it may appear that the principal is liable also. Mechem on Agency (2d Ed.), Section 1647. A discussion of cases in which such a situation might arise would serve no purpose here. It is further to be observed that the defendant was not a mere agent or employe of the owner of the premises, but was himself interested in the project, and it was because of that
 
 *481
 
 interest evidently that he assumed full control and supervision thereof.
 

 We feel impelled, however, to state that we cannot concur in the theory of counsel for the defendant that the alleged negligence of the defendant was a mere nonfeasance, for which he would not he responsible to a third party. The principle applicable is well stated by Chief Justice G-ray in the opinion in
 
 Osborne
 
 v.
 
 Morgan,
 
 130 Mass., 102, 39 Am. Rep., 437, as follows:
 

 “It is often said in the books that an agent is responsible to third persons for misfeasance only and not for nonfeasance. And it is doubtless true that if an agent never does anything towards carrying out his contract with his principal but wholly omits and neglects to do so, the principal is the only person who can maintain any action against him for the nonfeasance. But if the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it so as not to cause any injury to third persons which may be the natural consequence of his acts; and he cannot, by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance, or doing nothing, but it is misfeasance, doing improperly.”
 

 The action of the trial court in striking out a portion of the second defense, quoted in the foregoing statement, and in refusing to give to the jury the requested instruction Ño. 6 of the de
 
 *482
 
 fendant, presents the same question. The one asserted contributory negligence upon the part of the plaintiff in traveling through the alley to reach his destination, instead of taking the longer but safer route by way of the street around three sides of the half-square; the other was based upon the theory that the plaintiff had knowingly selected an unsafe course when a known safe route was open to him. "We deem it unnecessary, upon this claim of error, to say more than that the provisions of Section 3714, General Code, make the same requirement with reference to alleys as to streets- —that they be kept open, in repair, and free from nuisance — and further that the record did not furnish a basis for the requested charge, for it was not disclosed that the plaintiff had any notice or knowledge whatever of the unsafe condition of the alley; but, upon the contrary, it appears that he knew nothing whatever of its unsafe condition.
 

 Counsel for defendant contend that the full measure of the defendant’s duty was stated in his requested instruction No. 5, which the court refused to give. Under this instruction the defendant would not be chargeable with negligence, and hence would not be liable in this action, if on the night in question he placed or caused to be placed a lighted lantern, properly equipped and supplied with oil, in such location that it would serve reasonably to warn persons of the danger, though such lantern was later removed or extinguished by causes which by ordinary care and prudence could not have been foreseen or anticipated. There is some evidence in the record upon which such instruction could be based. Hence the
 
 *483
 
 question is presented whether it is a correct statement of the rule of law applicable in this case. The requested instruction seems equivalent to a statement to the jury that if it found from the evidence that the defendant had exercised ordinary care and prudence in the placing’ and maintaining’ of such a signal as would warn persons attempting to go through the alley of the danger therein, he had discharged the duty incumbent upon him. All that could be required, of course, was the exercise of ordinary care, and, in the absence of provisions of law or of an ordinance prescribing more specifically the duty of the defendant under such circumstances, it is our opinion ■the rule embodied in the requested instruction would have been correct.
 

 This brings us to a consideration of Section 226 of the ordinances of the village. It was pleaded in the petition as a basis for the claim of negligence relied upon by the plaintiff. Its requirements are clearly stated and quite exacting. A penalty is prescribed for its violation. It was evidently enacted in the interest of public safety, and under the decision in
 
 Schell
 
 v.
 
 DuBois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, a violation thereof is negligence
 
 per se.
 

 The making of such an excavation, unless during the hours of darkness each night it is supplied with a lighted lamp, or lantern, so placed at or about such excavation or obstruction as to serve as a danger signal, is penalized as therein provided. The mere.placing of the light would not comply with the requirement that it be there
 
 during the hours of darkness each night,
 
 and such failure
 
 *484
 
 would constitute a violation of the provisions of this ordinance. But it is well settled that an ordinance, upon the violation of which a claim for damages is predicated, must be pleaded and proven. Counsel for plaintiff offered in evidence a copy of the ordinance, certified by the clerk of the village, which certificate is as follows:
 

 “Hillsboro, Ohio, November 20, 1923. I hereby certify that the above is a true copy of 'Section 226 of the ordinances of the village of Hillsboro, Ohio, now in force and unrepealed.”
 

 Assuming this to be a sufficient compliance with the provisions of Section 4235, General Code, as to the manner of proof of an ordinance of a municipality, it is thereby established only that there was such an ordinance on November 20, 1923, and it cannot be inferred therefrom that such ordinance was in existence at the time of the happening of the injury complained of, more than two years prior to that date. There is a presumption that a' situation established continues until the contrary is shown, but the converse is not true, and it cannot be claimed that the burden is cast upon the person charged with the violation of the ordinance to show that it did not exist at the time of the claimed violation by proof of its existence at the time of trial two years subsequent thereto.
 

 In view of the holding that the violation of an ordinance of á municipality is negligence
 
 per se,
 
 the rule as to proof should not be relaxed, nor should the failure to prove the existence of such ordinance at the time of the claimed violation be regarded as a mere technical error; it affects a
 
 *485
 
 substantial right, and an objection to its introduction and to instructions based thereon should have been sustained.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Day, Allen and Robinson, JJ., concur.
 

 Kinkade, J., not participating.