CANAVA *v.* DRESS.

*Negligence—Collision of automobile and motor bus—Pleading and proving municipal traffic ordinance—Failure to charge jury upon violation of ordinance—Not prejudicial where statutes regulating speed read to jury.*

In action for injuries to automobile truck from collision with motorbus, where it was alleged that defendant disregarded traffic ordinance regulating speed of automobiles, failure to charge on ordinance or its alleged violation *held* not error, where court read to jury statutes applicable to legal speed of automobiles.

(Decided June 22, 1925.)

ERROR: Court of Appeals for Hamilton county.

Trial, 38 Cyc. p. 1717.

*Mr. William R. Collins,* for plaintiff in error.
*Mr. Carl Lehmann* and *Mr. Albert H. Leeker,* for defendant in error.

BUCHWALTER, P. J.    This was an action for damages for injuries to plaintiff's automobile truck, resulting from a collision between the truck and the motorbus of the defendant.

On March 29, 1924, Sebastian Canava was operating a truck northwardly on the east side of Reading road in the city of Cincinnati, Ohio. As he approached Mitchell avenue, a touring car belonging to one Abrahams was in the act of turning into the west side of Reading road from Mitchell avenue. Coming south on Reading road, and north of Mitchell avenue, was the automobile bus operated by the defendant. The defendant turned to the east side of Reading road to avoid striking Abrahams' car, or skidded, and collided with the plaintiff's truck.

The jury returned a verdict for the defendant, upon which judgment was entered. Error is now prosecuted to reverse that judgment.

Three grounds of error are relied upon: (1) That the verdict is manifestly against the weight of the evidence. (2) Error in the refusal of the trial court to admit in evidence a certain traffic ordinance, or paragraphs thereof, of the city of Cincinnati. (3) Error in the general charge of the court.

We have examined the record, and find that the verdict was not manifestly against the weight of the evidence.

As to the second assignment of error, plaintiff's

petition contained the following averment:

"As plaintiff was approaching Mitchell avenue, in said city of Cincinnati, the defendant, operating said automobile omnibus, going south towards the city of Cincinnati, without any fault on the part of the plaintiff, and in disregard of the traffic ordinance of the city of Cincinnati, and operating at a speed between 30 and 40 miles per hour; deliberately, carelessly, and negligently passed over from the west side of Reading road to the east side of Reading road, where he violently collided with the plaintiff, operating said Reo truck on the east side of Reading road."

The ordinance was not pleaded in any other form than as above set forth. There was no reference to it even by title, number, or date of passage. It is claimed by the plaintiff in error that this was a pleading of the ordinance, and that, even if not, the ordinance or parts thereof should have been admitted in evidence under the authority of the cases hereinafter referred to.

In *State* v. *O'Mara,* 105 Ohio St., 94, 136 N. E., 885, relied on by plaintiff in error, it is claimed that it is not necessary to plead the ordinance. However, as we view that case, it does not so hold. It does not lay down the rule that it is unnecessary to plead the ordinance, but it does lay down the rule that it must be proved as "the law of the locality on which a charge of involuntary manslaughter might be predicated."

In the case of *Hanna* v. *Stoll,* 112 Ohio St., 344, 147 N. E., 339, a copy of the opinion of which we have before us, it is not held that plaintiff is not

required to plead an ordinance relied upon, but it is held that the defendant, under a general denial, is not precluded from proving the ordinance which exculpates him from the charge made by the plaintiff.

It has been heretofore determined in *Schulte* v. *Johnson,* 106 Ohio St., 359, 140 N. E., 116, syllabus 3:

"Courts of general jurisdiction do not take judicial notice of municipal ordinances, and the litigant relying upon such ordinance must plead it, and offer it in evidence as other evidential matters."

Also, in *Richards* v. *Stratton,* 112 Ohio St., 476, 147 N. E., 645, it is held in syllabus 3:

"In an action for damages, predicated upon the claimed violation of a municipal ordinance, such ordinance must be pleaded and upon trial its existence at the time of the injury must be proved."

It therefore seems clear under the authorities that a plaintiff relying on a violation of a municipal ordinance must plead and prove the same. Whether or not this ordinance was properly pleaded need not be determined in this cause, because, in our view of the case, the plaintiff was not prejudiced by the refusal of the court to admit it in evidence.

The court, in the general charge, took up in turn each of the allegations of negligence, as alleged in the petition, and read to the jury the sections of the General Code providing for the speed at which automobiles might be driven upon public roads or highways, and also the provision that vehicles shall keep to the right side of the

road, etc. The court further charged that the violation of a statute, passed for the protection of the public, is negligence *per se.*

As to the other charge of negligence, that the defendant failed to sound a horn, the court charged fully and fairly on this question. There is nothing that has been called to our attention in reference to the charges of negligence complained of which was not fully covered by the reference to the sections of the General Code, so that charging on the municipal ordinance would only have been a repetition of the charge as actually given.

It is urged that the trial court committed error in the general charge in not charging on the so-called traffic ordinance, or its alleged violation, but, as we have heretofore stated, the court charged fully on the negligence complained of.

It is also claimed that the court in summing up the evidence was unfair to the plaintiff in error. An examination of the entire charge satisfies us that the court charged fully and fairly on the issues in the cause, and we are of the opinion that there was no error committed prejudicial to the plaintiff in error.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur