OPINION
{¶ 1} Glenn and Ilene Baird appeal from the dismissal of their small claim complaint against Barry Russello.
 {¶ 2} The Bairds purchased a residential property within the City of Huber Heights that was subject to the following ordinance:
 {¶ 3} "Prior to the sale of any real property in this City, the owner or his agent shall schedule an exterior inspection for any violations to either the City's Zoning Code and/or Housing Maintenance Code with the Zoning Office. Upon completion of such inspection, the Zoning Office shall issue a certificate stating that no exterior zoning and/or housing maintenance violations exist upon the date of inspection if no violations are found. If violations are found, no certificate shall be issued until the violations are corrected or the property is otherwise brought into compliance. No person shall sell or receive a commission or fee from the sale of any real property in this City without a valid certificate issued hereunder."
 {¶ 4} Russello represented the seller of the property and neither he nor the seller ordered the inspection required by the ordinance. The closing occurred without the inspection having been made. A few months after the closing, the Bairds had the property inspected. The inspection identified certain problems which the Bairds claim cost them $2,070 to rectify.
 {¶ 5} Russello conceded that the failure to order the presale inspection was an oversight on his part.
 {¶ 6} The Bairds based their complaint on the above statute and essentially claimed that Russello's failure to timely order the inspection resulted in their incurring expenses of $2,070 that would have been borne by the seller had there been a presale inspection.
 {¶ 7} The trial court conducted a trial. In a cryptic opinion, the court characterized the defects as "readily apparent," and recited Russello's allegations (1) that the Bairds had some inspections done and had cancelled others prior to the closing and (2) that the original asking price was significantly reduced to "compensate for `deferred maintenance issues.'" The dismissal, however, was based on the fact that the ordinance did not provide the Bairds with a remedy of money damages.
 {¶ 8} As is typical of small claims appeals, we do not have a transcript of the trial.
 {¶ 9} From the paper record, we gather from the sales contract that the Bairds agreed to purchase the property in "as is" condition, relying upon their personal examination as to the condition of the property. We also know that Russello accepted no responsibility for his admitted oversight, asserting that his responsibility was to the seller.
 {¶ 10} We agree that the ordinance in question does not itself afford the Bairds a remedy of money damages. The question, then, is whether it provides them with a cause of action.
 {¶ 11} The fact that Russello was the agent of the seller does not necessarily insulate him from liability in tort to the buyers if they were injured as a proximate result of his negligence. In Richards v.Stratton (1925), 112 O.S. 476, the court stated at 480:
 {¶ 12} "An agent is bound in the performance of his duty to recognize and respect the rights and privileges of others, and failing to do so, either negligently or intentionally, thereby causing an injury to another, is liable to him for the damages sustained, and the fact that the injury occurred while in the performance of his agency would constitute no defense, although in some cases it may appear that the principal is liable also. Mechem on Agency (2d Ed.), Section 1647."
 {¶ 13} See also Employers' Fire Ins. Co. v. United Parcel Serviceof Cincinnati (1950), 59 Ohio L. Abs. 561; 3 O.Jur.3d Agency § 144.
 {¶ 14} Here, the ordinance commanded Russello or the seller to schedule a presale inspection and forbade a sale without a certificate of no exterior zoning or housing maintenance violations. It is apparent to us that the ordinance is intended to protect the Bairds and other purchasers of Huber Heights real estate.
 {¶ 15} Thus, Russello did have a duty to the Bairds, even though he was the agent of the seller.
 {¶ 16} Having said that, the record in this case is too sparse to allow us to grant relief to the Bairds beyond reversing the judgment of dismissal and remanding for further proceedings.
 {¶ 17} The trial court made no findings other than that the defects were "readily apparent." Relief was denied because the ordinance itself did not provide a remedy of monetary damages.
 {¶ 18} The trial court did not consider whether Russello was negligent, whether his negligence was the proximate cause of damage to the Bairds and, if so, in what amount. Furthermore, the trial court did not consider the significance, if any, of the Bairds themselves being represented by an agent.
 {¶ 19} In many small claims appeals where we have not been favored with a trial transcript, we have invoked the presumption of regularity and concluded there was a sufficient basis to justify the judgment of the trial court. We decline to do so in this case, where the dismissal was expressly based wholly upon what we conclude was an error of law.
 {¶ 20} The judgment of dismissal will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.
FAIN, P.J., and YOUNG, J., concur.