BESSIE PESTER, APPELLANT, V. JOSEPH HOLMES ET AL., APPELLEES.

FILED JANUARY 16, 1923. No. 22203.

1. **Highways:** TOWNSHIPS: LIABILITY. "A township organized under the township organization act in this state is not liable to persons injured by reason of defects in the public highways within the limits of such township." *Wilson v. Ulysses Township,* 72 Neb. 807.

2. ———: ———: ———. The exemption of the township from liability extends to its officers, agents and servants in the prosecution of work upon the highway.

3. Negligence: LIABILITY. A liability for negligence presupposes the existence of a duty from a breach of which injury results.

4. Master and Servant: LIABILITY OF SERVANT. A servant is not liable to a third person for negligence of the master in failing to perform a duty placed by law upon the master; but only for his own negligence in failing to perform a duty ow.ng by the servant to such third person.

APPEAL from the district court for Valley county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*Davis & Davis,* for appellant.

*Bert M. Hardenbrook, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and FLANSBURG, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

This action is brought by the plaintiff against the defendants to recover damages resulting from a defect in a highway within Yale township, in Valley county. The petition alleged that on October 29, 1919, the defendants dug a ditch across the highway and left it unguarded by proper barriers or lights, and that plaintiff, on the night of that day, while riding in an automobile driven by her fiancé, her husband at the time of the trial, was seriously injured by the car being precipitated into the ditch without fault of plaintiff or the driver. The answer denied that the petition stated a cause of action; denied all charges of negligence; and alleged that Valley county was under township organization; that Yale township was a regularly organized township; that at the regular annual meeting of the township in 1919 the road overseer was directed to repair the highway at the place of the accident by taking out an old culvert and replacing it with a larger one; that the defendants were commanded by the overseer to assist in the work under the

direction of the overseer; that sufficient barriers were erected; and that the accident was caused by the negligence of the driver of the car. The reply was a general denial.

The evidence establishes the fact that the defendants took out the old culvert and dug the ditch across the road; that plaintiff suffered severe injuries by the car running into the excavation; and all the allegations of the answer except the erection of barriers and negligence of the driver, as to which matters different inferences may arise.

In view of the conclusion at which we have arrived, it may be conceded that plaintiff received her injuries as alleged, and that defendants were guilty of negligence in failing to put up proper barriers or give warning of the ditch across the road, if any duty rested upon them in that regard. This postulate contains the key to the solution of the question whether defendants are liable.

The road overseer was one Robert E. Woody. Section 2929, Rev. St. 1913, authorized him to command the services of men and teams to perform work on any road or culvert in his district as he may direct, at going wages, and provided penalties for their refusal. The defendants were called under this authority and performed the work, as far as completed at the time of the accident, under the direction of the overseer. Let us inquire now what were the relations of the parties in connection with the work and their duties and obligations to the public and private persons:

1. The township duty was to keep the highway in repair. This was a public duty—a governmental duty for the negligent performance of which it was in no way responsible to private individuals, including the plaintiff. *Wilson v. Ulysses Township*, 72 Neb. 807.

2. The road overseer, being an officer of the township and acting under its authority, stood in the shoes of the township and was not liable for negligence in the performance of the work. *McConnell v. Dewey*, 5 Neb. 385;

*Wilson v. Spencer,* 91 Neb. 169; *Gibson v. Sioux County,* 183 Ia. 1006.

3. The defendants were servants of the road overseer, hired and paid to do the work. Upon what theory can they be held for negligence in doing the work, or failing to take proper steps to protect the public? They were not doing anything wrongful; they were in the prosecution of a lawful work under the direction of the township. The excavation in the highway, being made under lawful authority, was not a nuisance. If the overseer had dug the excavation himself and left it unguarded, neither he nor the township would have been liable to the plaintiff. Why, then, should the agents and servants of the township a little lower down in the scale be liable? We think, as said in *Packard v. Voltz,* 94 Ia. 277:

"It must certainly be an anomalous doctrine that would exempt the corporation itself from liability for the doing of a lawful act in a negligent manner, upon the ground of its compulsory agency in behalf of the public welfare, and at the same time affix a liability upon its agent for precisely the same acts done under express authority. We think an instance of such liability is not to be found. It must be a reason for the rule of exemption, on the part of a political corporation, that its agency is a public necessity, and it seems to us that the same law that would give it exemption from liability * * * would protect from liability the servant through whom, only, the corporation can discharge its duty to the public."

See, also, *Gibson v. Sioux County, supra.*

However, it is said that the action is against the defendants for their personal negligence in failing to put up barriers or warnings; but to characterize any act or omission as negligent presupposes the existence of a duty to do or not to omit to do the act in question. *Cohen v. Tradesmen's Nat. Bank,* 262 Pa. St. 76. We may concede, *arguendo,* that it was the duty of the road overseer

to put up sufficient barriers or warnings, but we have
shown that he incurred no liability for a negligent failure
to do so, and that the exemption extended to his agents,
as they were all acting in a public capacity.

But how does the case stand if we consider the over-
seer and his servants purely as private individuals? The
overseer then is a contractor and defendants are his em-
ployees. As between them, where is the primary duty
to put up warnings? Clearly upon the contractor. *Jes-
sup v. Sloneker,* 142 Pa. St. 527. He may, of course,
delegate the performance of that duty to a servant, and
in such case both might be liable; but the servant is not
responsible for the nonperformance of a duty which the
law puts upon the master. *Hill v. Caverly,* 7 N. H. 215;
*Floyt v. Shenango Furnace Co.,* 186 Fed. 539. The doc-
trine *respondeat superior* has no application *e converso.*

It seems clear, therefore, that the servant cannot be
held, at least, unless he has been specially charged with
the duty by the master, which doctrine in this case finds
support neither in the allegation nor the proof. A ser-
vant is liable for an injury produced by an affirmative
misfeasance (*Sullivan v. Dunham,* 35 App. Div. (N. Y.)
342), but not for mere neglect; the remedy in that case
being against the master alone (*Scheller v. Silbermintz,*
50 Misc. Rep. (N. Y.) 175). It is not intended to pro-
voke any discussion as to liability for acts of misfeasance
and nonfeasance. It was stated in *Ellis v. Southern R.
Co.,* 72 S. Car. 465: "The true rule deducible from the
authorities is that the servant is personally liable to
third persons when his wrongful act is the direct and
proximate cause of the injury, whether such wrongful act
be one of nonfeasance or misfeasance." But here this
digging of the ditch was lawful. What we do hold is
that every liability for negligence must arise out of the
neglect of some duty resting upon the party to be charged
toward the claimant. The duty is the mother of the ob-
ligation, and as we have shown that the duty to erect
barriers or give proper warning of the excavation rested

upon the master, the obstruction being a lawful one, the servants, who had and were given no control over the project, but merely dug the ditch under the master's direction, were not liable for failure of the master to give warning. *Jessup v. Sloneker, supra.*

As the judgment of the lower court is the only one which could properly be rendered, the other questions discussed in the briefs will not be considered.

AFFIRMED.