### NORWOOD v. CAROLINA POWER & LIGHT CO. et al.

#### Civil Action No. 1827.

District Court, E. D. South Carolina, Florence Division.

Nov. 24, 1947.

484

Mozingo & Watts, of Darlington, S. C., for plaintiff.

Dargan, Paulling & James, of Darlington, S. C., and A. Y. Arledge, of Raleigh, N. C., for defendant.

WARING, District Judge.

The plaintiff, a resident of the State of South Carolina, brings suit against the Carolina Power and Light Company, a corporation under the laws of the State of North Carolina, and the defendants Lee, Lowry, and Bryant are alleged to be "residents of the above named State and County." This is somewhat ambiguous as it might refer to either North or South Carolina, both having been above alleged. However, all of the parties have chosen to treat the allegation as one intended to claim that the individual defendants are residents of South Carolina which is established as a fact by various affidavits, and it is argued that for that reason the State Courts have jurisdiction. The corporate defendant Carolina Power and Light Company by appropriate proceedings has removed the cause to this court and the plaintiff has filed a motion to remand. Both sides have furnished full affidavits as to the facts of the case.

It appears from the pleadings, petition for removal, and affidavits that the Carolina Power and Light Company, hereinafter referred to as the Company, is engaged in the business of furnishing electric current for lights, power and other purposes, and that the plaintiff's residence was connected with the transmission lines of the Company for the purpose of furnishing her with current. The defendant Lee is the District Manager of the Company, and the defendants Bryant and Lowry are Line Foreman and Serviceman respectively of the Company and under the direction of the District Manager Lee. It is alleged that a pole carrying power lines of the Company fell and certain wires broke as a result of which an unusually high voltage passed into the wire leading into plaintiff's house, causing fire, and the plaintiff came in contact with charged wires and was severely injured. It is claimed on behalf of the Company that the falling of the pole came about as a result of an unusual storm, whereas the plaintiff maintains that the pole was in bad condition and lack of proper supervision and inspection was at the bottom of all of the chain of accidents and injuries that followed.

The allegations of the complaint state a cause of action against the Company which must be heard upon the merits, and the sole question now is whether the case should be remanded to the State Court from whence it was removed, or whether this court should retain jurisdiction. The allegations of neglect against the individuals are: As to Lee, that he was the District Manager and that it was his duty to supervise and maintain the power lines and keep the same in proper repair; as to the other two defendants, it is alleged that they were subject to the direction and control of Lee and it was their duty to service and maintain the lines and keep the same in repair and efficient order, and it was their duty to inspect and maintain all of the appliances and apparatus. It is no where shown that the individual defendants had any connection with the original construction of the power lines or installations or connections with plaintiff's residence, nor that they had any knowledge of the condition of any of the same or that they had ever inspected or seen any of the transmission lines leading to or near plaintiff's home. Their delicts, if any, were wholly those of nonfeasance in failing to investigate the condition of the pole and appliances and failing to discover defects alleged to have been in the same. It may well be said that they owed these duties to their employer, the Company, although this is in considerable dispute, and the petition for removal and affidavits filed on behalf of the defendant take the position that they were under no obligation to inspect,

service or repair except in specific cases that were delegated to them which had not been done as affecting plaintiff's residence, and it is claimed that the Company had its own special repair service directed from its head office and the individual defendants had no connection therewith. It therefore appears that the only possible reason for liability by the individual defendants would be for nonfeasance. The defendant Company takes the position that there is no proper cause of action stated against the individuals and that they are not properly parties defendant and should not be joined in this cause, and that there is a fraudulent joinder made solely for the purpose of defeating removal and keeping the cause in the jurisdiction of the State Court.

I think this position is well taken. Let us examine a few of the cases touching on this point and determine whether there is any cause of action in the plaintiff against the individuals which could have been the subject of a suit against them.

The American Law Institute's Restatement of the Law of Agency discusses in Chapter 11 the rights of a third person against an agent. The rule is stated as follows:

"Section 352. An agent is not liable to another because of his failure to perform his duties to his principal or because of the improper performance of such duties, except as stated in Secs. 353-357."

The exceptions in the sections named are not pertinent or material to the issues here under discussion.

The matter is also interestingly discussed in American Jurisprudence under the title Agency and states the rule to be that the agent is liable to third persons for commissions or omissions in duties that he owes to them but is not liable where he owes no duties to third persons, but his acts are entirely in regard to duties owed to his principal. Of course for the non-performance of these the principal may be and often is held liable.

■ The question here then is: Did the manager and employees of the corporate defendant owe any duty to third persons in regard to inspecting the poles, wires and appliances of the power line? If this was merely a duty owed by them to the Company, they are not liable and are not proper parties to this cause. Of course, it is the duty of the Company to keep and maintain its line in safe condition, and the complaint raises an issue against the Company where it charges negligence in failing to maintain the same in safe condition. But does the complaint raise any issue as against the individuals?

In the case of Morefield v. Ozark Pipe Line Corporation, D.C., 27 F.2d 890, the court holds that mere nonfeasance or omission of a superintendent or foreman as to inspection and repairs does not render such individual liable for injuries for which the corporation might be held liable. At page 891 of 27 F.2d it is said:

"The consensus of judicial opinion is such that this cannot be said to be a fairly debatable question, as is the joint liability of master and servant for the servant's misfeasance. As the plaintiff's petition discloses no cause of action against the defendant employé, nor any reasonable basis for joining him as a party defendant, it must be held that the controversy is wholly between the plaintiff and the removing defendant. Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757."

A very similar case is that of Davis v. St. Louis & S. F. Ry. Co., D.C., 8 F.Supp. 519, where a case was removed from the state court on the ground of diversity of citizenship as to the corporate defendant. The court points out, at page 520 of 8 F. Supp., that the resident defendant was not charged with

" * * * active negligence; but allegations of negligence against this defendant are nonfeasance or omission upon his part. It is well established that the mere nonfeasance or omission of the resident superintendent or foreman to perform his duties to his master, of inspection and repair, does not render him liable to third persons for injuries occasioned because of such nonfeasance or omission, he having a duty to his employer rather than to the injured third person. Morefield v. Ozark Pipe Line Corporation et al., D.C., 27 F.2d 890; [Chicago], R. I. & P. Railway Co. v. Witt, 144 Okl. 246, 291 P. 59. Since no cause of ac-

tion is stated against the resident defendant Felip Portilloz, his joinder as a defendant does not prevent the removal of the case to the federal court."

In the case of Plunkett v. Gulf Refining Company, D.C., 259 F. 968, a suit was brought against the company and its resident superintendent of construction. The plaintiff alleged that his injuries were caused by the falling of the false bottom of a tar tank, and the allegations against the defendants were that the individual defendant, knowing that the tank had a false bottom, failed to give plaintiff notice thereof. The court says that it is clearly a case of nonfeasance, and at page 972 of 259 F. states:

"And it is well settled, I think, by the authorities, that for mere nonfeasance an employé of a corporation will not be liable to a third person for injuries received."

A number of authorities are cited in this opinion. To the same effect is the case of King v. City of Beaumont, D.C., 296 F. 531.

 This case, being here by reason of diversity of citizenship, must of course be considered under the South Carolina law under the doctrine of the case of Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. It therefore is interesting and necessary to consider what is the law in South Carolina on the subject. The courts of this State have very little directly in point. Of course there are numerous cases holding that it is proper to join an agent or employee with a principal where the agent has committed the tort by actual active acts. The most common of these are the driver of an automobile or other vehicle, the engineer or conductor of a railroad train, and other like agents or employees who are alleged to have committed acts of commission or omission which they owed not only to the principal but—under the statutes or common law of the State—to the party injured. The law is too well established in this field to warrant citation of authority.

A case cited and the language of which is significant is that of Towill v. Southern R. Co., 121 S.C. 447, 114 S.E. 416. In that case, the plaintiff was injured by the sudden starting of a train and it was held that the conductor who gave a signal for starting the train, without knowledge that the plaintiff was boarding the train from the opposite side, owed a duty to the plaintiff as a part of the general public. While the decision of the court is not directly upon the point at issue here, the reasoning would seem to amply sustain the statements hereinabove made as to the general law governing matters of this kind, since the decision was based squarely upon the fact that the conductor was responsible for the movement of the train, and further held that if there was any delict, it is difficult to see how the conductor could be absolved from participation, and that therefore, if the company were negligent, it must be held that this negligence arose from the act of its agent, the conductor. The court held there that the conductor could be joined as a tort feasor, but the rationale of the entire decision rests upon the theory that the conductor owed a duty not merely to his principal, the railroad company, but to the public at large, and especially to those who were, or about to become, passengers.

 In the case at bar, Lee and the other employees who are joined owed no duty to the public which has been shown. I do not see where the plaintiff could have maintained a suit against them or anyone of them independently of the Company.

And so I have concluded that the three individuals are not properly in this action. This leaves only the corporate defendant, which is a non-resident, and entitled to remove the case to this court. Accordingly, it is

Ordered that the motion to remand be refused and this court will retain jurisdiction of the case against the Carolina Power and Light Company alone, the other defendants being dismissed. It is

Further ordered that the defendant is granted 15 days from this date to file and serve its answer or otherwise plead.