DANIEL L. DIETER ET AL., APPELLANTS, V. KENNETH HAND ET AL., APPELLEES.

333 N.W.2d 772

Filed May 6, 1983. No. 82-157.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellants.

Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellees.

BOSLAUGH, McCOWN, and HASTINGS, JJ., and BRODKEY, J., Retired, and GARDEN, D.J.

McCOWN, J.

This is an action at law by Daniel L. Dieter and Cornhusker Casualty Company against the defendants, as individual agents and employees of a public power district, to whom the district had entrusted the care and maintenance of an electric power line, for injuries resulting from defendants' failure to exercise reasonable care in the performance of their duties.

The District Court sustained a demurrer to plaintiff's amended petition. Plaintiff elected to stand on the amended petition, and the petition was dismissed. Plaintiff has appealed.

Plaintiff's amended petition alleged that on December 26, 1979, Dieter was making a truck delivery of meat to a grocery store in Shelton, Nebraska. He parked the truck in the alley behind the store. An electric transmission line owned, operated, and maintained by Nebraska Public Power District, which was sagging, came in contact with the top of his truck. When Dieter attempted to open the metal

doors of the truck, he received an electrical shock. He suffered injuries to his right hand and arm and was totally disabled for 44 weeks.

The petition alleged that the electric transmission line was under the supervision, maintenance, and control of the individual defendants. The line had been permitted to sag to a height which brought it into contact with the top of the truck, and the insulation of the line had become frayed and worn, exposing the wire so that current could escape to objects contacting the line or coming near enough to it to permit arcing from the line to such objects.

The defendant Hand, a resident of Shelton, Nebraska, was the local manager of the public power district in Shelton, and the district had erected and maintained the electrical transmission line involved.

The defendant Legat, a resident of Kearney, Nebraska, was the district manager of the public power district for the subdistrict, which includes Shelton.

The petition alleged that the two individual defendants, at all relevant times, had been charged by the public power district, and had undertaken with it, to supervise, inspect, repair, and maintain the electric power transmission lines of the Nebraska Public Power District, including those in Shelton, and that each of them and both of them jointly and severally were guilty of negligence in specified particulars.

The petition alleged that the defendants were negligent in failing to inspect, maintain, repair, and replace the transmission line at a safe height above vehicles, and in permitting the insulation to become frayed, worn, and broken when they knew, or in the exercise of reasonable care should have known, that the transmission line was sagging, frayed, worn, and broken, and that said defects created a danger of electrical shock to persons using the alley. As a proximate result of defendants' negligence, Dieter suffered permanent injuries.

The defendants demurred to plaintiff's amended petition on the ground that it failed to state a cause of action against either of the defendants.

The District Court sustained the demurrer and, after plaintiff elected to stand on the amended petition, dismissed the action. This appeal followed.

The defendants contend that the plaintiff's exclusive remedy for plaintiff's injuries is an action against the public power district under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1977). Because the time for making claim and filing suit against the district under that act had already expired, defendants assert that plaintiff has no cause of action against any individual officer, agent, or employee of the power district for his own individual negligence. Defendants' position is that the present action against the individual defendants is only an attempt to circumvent statutory time limitations of the tort claims act. The record indicates that the District Court apparently sustained the demurrer on these grounds.

An employee of a corporation whose negligence causes injury is jointly and severally liable, with the corporation, in an action for damages caused by such injuries. *Fonda v. Northwestern Public Service Co.*, 134 Neb. 430, 278 N.W. 836 (1938). Courts have not generally imposed individual employee liability in cases where the employee was not in charge of, nor actually did, the work. In the *Fonda* case this court adopted the statement that " 'It is not the agent's contract with his principal which exposes him to or protects him from liability to third persons, but his common-law obligation to so use that which he controls as not to injure another. That obligation is neither increased nor diminished by his entrance upon the duties of agency, nor can its breach be excused by the plea that his principal is chargeable.' " *Id.* at 439, 278 N.W. at 840.

The common-law rule of joint and several liability was not changed by the adoption of the Political

Subdivisions Tort Claims Act. The act was designed to waive the common-law governmental immunity from suit and to provide for uniform procedures for the bringing of tort claims against political subdivisions. The waiver of immunity of the political subdivision did not decrease a claimant's rights against individual defendants for their own negligence. The language of the tort claims act supports the conclusion that tort claims can still be brought against individual employees of a political subdivision for their own negligence.

Section 23-2408 provides: "Final judgment in any suit under this act shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the political subdivision whose act or omission gave rise to the claim; *Provided*, this section shall not apply if the court rules that the claim is not permitted under this act."

In the case at bar there has been no final judgment in an action under the Political Subdivisions Tort Claims Act, but the District Court, in ruling on the demurrer, has in effect determined that the claim is not now permitted under the act. If the act was designed to foreclose suits against employees for their own personal negligence, then the section would be meaningless.

The common-law duty of every person to use due care so that he does not act or use that which he controls so as to negligently injure another person, as applied to employee negligence situations, is ordinarily expressed in terms of whether a duty of reasonable care was owed to the third person or only to the employer, rather than upon distinctions of "misfeasance," "nonfeasance," "commission," or "omission."

The determination of whether a particular employee owed a duty of due care to a third person in the position of the plaintiff is a question of law and depends upon the circumstances of the particular

case. The rule does not extend to render an employee liable to a third person for a loss sustained by the latter as the result of the employee's failure to perform a duty owing only to his employer, unaccompanied by any act or omission constituting a breach of his duty owing to a third person. Before the employee can be held liable there must be some reason why he should be called upon to act and thus use proper care to prevent injury to the third person, or some relationship between the parties calling that duty into existence. It is not sufficient merely that the employee agrees with the employer to perform such duties; in such case the employee has obligated himself to no one except the employer to perform such duties, and for a failure to perform them no one but the employer has the right to complain.

Before an employee becomes liable for an act or omission alleged to have constituted negligence, with resultant injury to a third person, it must appear that the employee has agreed to perform such act for his master and has assumed the performance of it. 53 Am. Jur. 2d *Master and Servant* § 449 (1970); see, also, Restatement (Second) of Agency § 354 (1958); Restatement (Second) of Torts § 324 A (1965); *Pester v. Holmes*, 109 Neb. 603, 191 N.W. 709 (1923); *Norwood v. Carolina Power & Light Co.*, 74 F. Supp. 483 (1947).

*Schaefer v. D & J Produce*, 62 Ohio App. 2d 53, 403 N.E.2d 1015 (1978), expresses criteria for imposing individual liability upon corporate officers or employees: " '1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.

" '2. This duty is delegated by the principal or employer to the defendant.

" '3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to dis-

charge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

" '4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm.' " *Id.* at 60-61, 403 N.E.2d at 1020-21. Other courts have adopted the criteria. See, e.g., *Nine v. Harper*, 371 So. 2d 320 (La. App. 1979).

In the case at bar the court sustained a general demurrer to plaintiff's amended petition. On reviewing the sustaining of a demurrer this court must treat the facts alleged in the petition as undisputed. *Cizek v. Cizek*, 201 Neb. 4, 266 N.W.2d 68 (1978).

The plaintiff's amended petition is sufficient to state a cause of action against the individual defendants, even though the allegations state the possible duty owed to the plaintiff by the defendants in very broad terms. The allegations are so broad and nonspecific as to the details of the individual defendants' involvement in the supervision, inspection, repair, and maintenance of the transmission line that

it cannot be determined on the present record whether an individual duty of care to avoid injuring the plaintiff existed or was breached by either or both defendants.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BOSLAUGH, J., dissenting.

In my opinion the facts alleged in the amended petition were not sufficient to establish a duty owed to the plaintiffs by the defendants.