**HERITAGE MUTUAL INSURANCE COMPANY**

v.

**STEVENS, d.b.a. George R. Stevens & Associates, et al.**

Court of Common Pleas of Ohio,
Summit County.

No. CV 94 09 2987.

Decided Dec. 27, 1996.

10

*G. Timothy Fischer,* for plaintiff.

*Michael A. Malyuk,* for Robert Brauning, Jr.

*Rodger & Co., L.P.A., Walter A. Rodgers* and *Jeffrey M. Elzeer,* for George R. Stevens and George R. Stevens & Associates.

JAMES R. WILLIAMS, Judge.

This matter is before the court upon defendants' motions for summary judgment. Plaintiff has responded to these motions.

## STATEMENT OF FACTS

This case arises out of an earlier case, *Heritage Mutual Insurance Company v. Noralee Haas v. George Stevens & Associates v. Robert Brauning, Jr.,* case No. CV 91–05–1828, Summit County Court of Common Pleas. In 1987, Noralee Haas ("Haas") went to Robert Brauning ("Brauning"), an insurance agent employed at that time with George R. Stevens & Associates ("Stevens"), to obtain automobile insurance coverage. Heritage Mutual Insurance Co. ("Heritage") issued a policy with $300,000 for liability coverage and with reduced uninsured/underinsured

motorist ("UIM") coverage limits of $50,000. Haas did not sign the waiver reducing her UIM coverage. Brauning had someone sign "Noralee Haas" on the UIM motorist rejection form. On April 10, 1990, Haas was involved in an automobile accident with an undersigned motorist who paid the $25,000 limits of his policy to her. Haas made a claim to Heritage for the UIM coverage benefits.

Heritage filed a declaratory judgment action to determine the policy limits of the UIM coverage. Haas counterclaimed against Heritage and filed a third-party complaint against Brauning for breach of his duty to Haas. The following facts were adjudicated in the previous lawsuit:

1. Brauning was found to be negligent in applying for $50,000 of reduced UIM coverage from Heritage. Haas requested $300,000 in UIM coverage.

2. Brauning's negligence damaged Haas in the amount of $5,000.

3. Haas was entitled under her contract with Heritage to $300,000 of UIM coverage benefits.

4. Heritage breached its insurance contract with Haas. Heritage's breach of contract damaged Haas in the amount of $275,000.

On September 8, 1994, plaintiff filed the present action in this court based upon indemnification and/or contribution claims.

On June 19, 1995, defendant Brauning filed a motion for summary judgment. The following arguments were raised in this motion: (1) Heritage cannot prevail on its claim for contribution because Heritage has not paid more than its share of liability; (2) Brauning is not liable to Heritage for indemnity because there is no right to indemnity arising from a contract between the parties; and (3) Heritage was required by R.C. 3937.18 to offer the insured UIM coverage with $300,000 limits, and therefore, Heritage was not damaged by Brauning, its agent, when someone signed the insured's name to the form that reduced underinsured motorist coverage.

On January 5, 1996, defendant Stevens filed a separate motion for summary judgment. The following arguments were raised in this motion: (A) Heritage is not entitled to indemnity and/or contribution from Stevens and/or Stevens & Associates because no act of Stevens and/or Stevens & Associates has legally caused Heritage to pay an amount more than it was obligated to pay to Haas pursuant to R.C. 3937.18; and (B) if Heritage is entitled to recover any amount from Stevens and/or Stevens & Associates, then that amount is the difference, if any, between the premium Heritage collected from Haas for the reduced UIM coverage and the uncollected premium for the mandatorily offered higher UIM limits.

## STANDARD FOR SUMMARY JUDGMENT

■ Civ.R. 56(C) provides that summary judgment may be granted if, upon reviewing the pleadings, affidavits, depositions, and other appropriate evidence, the court determines that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and when such evidence is viewed most strongly in favor of the nonmoving party, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; *Healey v. Republic Powdered Metals, Inc.* (1992), 85 Ohio App.3d 281, 283, 619 N.E.2d 1035, 1036. The moving party carries the initial burden of proof upon a motion for summary judgment. *Best v. Energized Substation Serv., Inc.* (1993), 88 Ohio App.3d 109, 113, 623 N.E.2d 158, 160–161.

## BRAUNING'S ARGUMENT

In considering the arguments and the evidence provided by defendant Brauning, the moving party, it is apparent that Brauning is not entitled to summary judgment as a matter of law.

■ First, with respect to Brauning's argument that Heritage cannot prevail on its contribution claim because it has not paid more than its share of liability, this court finds that although liability and damages have been determined between Brauning and Haas and between Heritage and Haas by the previous court, liability between Heritage and Brauning has never yet been determined. Therefore, this argument must fail.

■ Second, with respect to defendant Brauning's argument that it is not liable to plaintiff for indemnity because there is no right to indemnity arising from a contract between the parties, this court finds that it is apparent as a matter of law that the right to indemnity may exist independently of an express contract provision for it. *Traveler's Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787; *Mahathiraj v. Columbia Gas of Ohio, Inc.* (1992), 84 Ohio App.3d 554, 617 N.E.2d 737; *Allstate Ins. Co. v. U.S. Assoc. Realty, Inc.* (1983), 11 Ohio App.3d 242, 11 OBR 368, 464 N.E.2d 169. Therefore, this argument must also fail.

■ Finally, with respect to Brauning's argument that Heritage was not damaged by Brauning when someone signed Haas's name to the waiver form, because Heritage was required by R.C. 3937.18 to offer Haas UIM coverage with $300,000 limits anyway, this court finds that this argument holds no merit. It is apparent that Brauning's negligent act has damaged Heritage. The previous court determined that Brauning was negligent in requesting reduced UIM

coverage limits from Heritage (CV 91–105–1828, Judgment Order, at 6). Brauning is liable for any consequential or incidental damages resulting from his negligence. Therefore, this argument must also fail.

For these reasons, defendant Brauning's motion for summary judgment is denied.

## STEVENS'S ARGUMENT

In considering the arguments and the evidence provided by defendant Stevens, the other moving party, with respect to the first argument raised in its motion for summary judgment, it is apparent that Stevens is not entitled to summary judgment as a matter of law.

■ Stevens claims that Heritage is not entitled to indemnity and/or contribution from Stevens and Brauning because no act of Stevens and/or Brauning has caused Heritage to pay more to Haas than it was obligated to pay under R.C. 3937.18. However, the previous court determined that Brauning was negligent in requesting reduced UIM coverage limits from Heritage. *Id.* Brauning was an employee of George R. Stevens & Associates at the time that this negligent act occurred. Brauning is liable for any consequential or incidental damages resulting from his negligence. Therefore, this argument must fail.

In order to determine whether Stevens is entitled to judgment as a matter of law with reference to the second argument raised in its motion for summary judgment, the evidence must be viewed most strongly in favor of the nonmoving party.

Heritage claims that it is entitled to indemnification from Brauning and/or Stevens. It claims that the right to indemnity exists independently of an express contract provision for it. Heritage argues that when an insurer has to pay an insured because of what an agent did or failed to do, the insurer is entitled to be indemnified.

. ■ Indemnity arises from contract, expressed or implied, and is the right of a person who has been compelled to pay what another should have paid to require complete reimbursement. *Traveler's*, 41 Ohio St.2d at 11, 70 O.O.2d at 6, 321 N.E.2d at 787; *Mahathiraj*, 84 Ohio App.3d at 554, 617 N.E.2d at 737; *Allstate*, 11 Ohio App.3d at 242, 11 OBR at 368, 464 N.E.2d at 170. The burden is on the party seeking indemnity to prove that he or she is entitled to it. *Cameron Mut. Ins. Co. of Missouri v. Bouse* (Mo.App.1982), 635 S.W.2d 488.

■ Agents have a duty of good faith and reasonable care in the matter of obtaining insurance. *First Catholic Slovak Union of U.S. & Canada v. Buckeye Union Ins. Co.* (1986), 27 Ohio App.3d 169, 170, 27 OBR 202, 203, 499 N.E.2d

1303, 1305.   When an agent fails and the coverage is not what the insured requested, the agent is personally liable as an insurer.   *Clements v. Ohio State Life Ins. Co.* (1986), 33 Ohio App.3d 80, 83, 514 N.E.2d 876, 880–881.   Although the agent can be held personally liable, an insurance company can also be held liable on the doctrine of respondeat superior.   *Whitmore v. Monumental Life Ins. Co.* (Dec. 30, 1988), Franklin App. 88AP–733, unreported, 1988 WL 142076, at *2.   Even when the act is within the scope of the agency, and the principal is liable, this does not immunize the agent.   *Ruper v. Spada* (Dec. 24, 1987), Cuyahoga App. No. 53236, unreported, 1987 WL 30526.

In the previous case, Brauning was found to be negligent in requesting coverage from Heritage with reduced uninsured and underinsured motorist limits.   Brauning was also found to be an agent of Heritage, acting within his scope of authority.   Brauning was employed by Stevens at the time that he committed this negligent act. Therefore, Heritage is entitled to indemnification from Stevens and/or Brauning for damages it has incurred.

Heritage, however, is not entitled to reimbursement of the full $275,000 that it paid to Haas in the instant action.   In the previous lawsuit, Heritage was found to have breached its insurance contract with Haas (CV 91–05–1828, Judgment Order, at 14).   Heritage was determined to be solely liable to Haas for these damages.   *Id.*   Heritage also admits that it would have provided the higher UIM benefits to Haas had Brauning not submitted the UIM waiver form to it.

██ Under R.C. 3937.18, Heritage was contractually required to offer the higher UIM coverage benefits to Haas. In the absence of an express rejection of the statutorily mandated offer, the insured is automatically entitled to UIM coverage benefits equivalent to the limits of her liability coverage.   *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 163, 51 O.O.2d 229, 230, 258 N.E.2d 429, 431.   Therefore, Heritage is not entitled to reimbursement for the full amount of the $275,000 it has paid to Haas.

Stevens's second argument states that if Heritage is entitled to recover any amount from Stevens and/or Brauning, then that amount is the difference between the premium Heritage collected from Haas for the reduced UIM coverage and the uncollected premium for the mandatorily offered higher UIM coverage limits.   Basically, Stevens argues that damages should be equal to the difference in the amount of the premium Haas would have paid if her UIM coverage was for $300,000 minus the amount of the premium Haas actually paid for the reduced $50,000 UIM coverage limits.   Heritage claims that there is no authority for limiting damages in this case to that amount.

Indeed, there is very little Ohio case law on this subject. However, there are a multitude of cases from other jurisdictions addressing this subject. This court chooses to adopt this persuasive authority in the instant action.

This court finds that Heritage is entitled to recover the difference between the premium it collected from Haas for the reduced underinsured motorist coverage and the uncollected premium for the mandatorily offered higher underinsured limits. *Damon's Missouri, Inc. v. Davis* (Dec. 20, 1990), Franklin App. No. 90AP–222, unreported, 1990 WL 210750. It is entitled to collect this amount of damages from Brauning due to his negligent performance of his job duties. *Schaefer v. D & J Produce, Inc.* (1978), 62 Ohio App.2d 53, 60, 16 O.O.3d 108, 112–113, 403 N.E.2d 1015, 1020. Since it was determined by the previous court that Brauning was acting within the scope of his job authority, Heritage may also collect this amount of damages from Stevens under the doctrine of *respondeat superior.* See *Whitmore, supra.* Therefore, Heritage may collect this amount of damages from Brauning and/or Stevens.

This decision is in accord with holdings from Ohio and from other states. In *Damon's, supra,* the court determined that the amount of damages that an insurer can recover from its agent on account of the negligent act of the agent was the difference of the premium as it actually existed and that which should have existed if the insurer had accepted the risk. In *Max Holtzman, Inc. v. K & T Co.* (D.C.App.1977), 375 A.2d 510, where the insurer cross-claimed against the agent for negligently binding the insurer to a price less than the agent was required to obtain on an "all risk policy," the court determined that the amount the insurer was legally entitled to recover from the agent was limited to the difference between the premiums paid and the premiums that would have been paid if the issued policy had included the coverage agreed on.

Numerous other courts have also held that an insurer is entitled only to the uncollected premium from the agent when an insurer would have accepted the increased risk of loss regardless of the negligence of the agent. See *Millers Mut. Fire Ins. Co. of Texas v. Russell* (1969), 246 Ark. 1295, 443 S.W.2d 536; see, also, *Bogley v. Middleton Tavern, Inc.* (1980), 288 Md. 645, 421 A.2d 571; *Pennsylvania Millers Mut. Ins. Co. v. Walton* (1963), 236 Ark. 336, 365 S.W.2d 859; and *Regino v. Aetna Cas. & Sur. Co.* (1985), 200 N.J.Super. 94, 490 A.2d 362.

For these reasons, defendant Stevens's motion for summary judgment is granted.

## ATTORNEY FEES

Plaintiff Heritage has requested attorney fees in the instant action.

Ohio follows the "American Rule" concerning recovery of costs of litigation, and requires each party involved in litigation to bear its own attorney fees in most circumstances. *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528–529. An award of attorney fees must be predicated on statutory authority or a finding of bad faith. *Vance v. Roedèrsheimer* (1992), 64 Ohio St.3d 552, 556, 597 N.E.2d 153, 156–157.

It was determined previously that defendant did not act in bad faith, and, likewise, there is no statutory entitlement to attorney fees in this case. Therefore, plaintiff Heritage's request for attorney fees is denied.

IT IS SO ORDERED.

*Judgment accordingly.*